IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG -5 PM 2:30

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| TONY LEON WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04-2599 BP |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff Tony Leon White appeals from a decision of the Commissioner of Social Security ("Commissioner"), finding that White was not without fault in receiving and accepting an overpayment of Social Security disability payments. The appeal was referred to the United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons below, it is recommended that the Commissioner's decision be REVERSED and REMANDED.

I.  **PROPOSED FINDINGS OF FACT**

A.  Factual and Procedural History

White was injured in an on-the-job accident on March 21, 1988. As a result of those injuries, White suffered pain in his low back and neck, and he experienced headaches. He filed an application

-1-

for disability insurance benefits on February 28, 1990, and an application for supplemental security income on February 27, 1990, in Dallas, Texas. (R. at 37, 39). His applications were denied at both the initial and reconsideration levels. On November 13, 1990, White appeared before an Administrative Law Judge ("ALJ") in Dallas for a hearing, and obtained a favorable ruling. (R. at 10.) Subsequently, White began receiving Social Security income ("SSI") on the basis of severe organic brain syndrome and depression. (R. at 12, 45).

According to White, after he started receiving SSI, a Social Security Administration ("SSA") caseworker contacted him several times, encouraging him to go back to work while receiving SSI. (Complaint at 3; R. at 29, 33.) He testified that the caseworker did not inform him that working would affect the amount of SSI he received. (R. at 33.) He further testified that "the caseworker informed him that he would continue to receive[] benefits while he worked." (Complaint at 3.)

In November 1993, White started working for the police department in Plano, Texas. (R. at 25.) He earned nine dollars an hour while working forty hours per week until he resigned in February 1998. (R. at 25, 52.) White claims that he resigned from this position due to medical problems. (Complaint at 4.) White testified that he reported all of these earnings to SSA. (R. at 25, 33, 52.) He testified that no one ever told him that he was

earning wages in excess of the SSA eligibility requirements, nor did he receive anything in writing from the SSA regarding how his work would affect his benefits. (R. at 26, 29).

In 1998, White moved to Tennessee, and started working again in 1999. He initially worked full-time for Cleo, Inc. for a few months, and later worked part-time for Federal Express in Memphis. (R. 31, 32, 52.) He worked full-time for the state of Tennessee from April 2000 to October 2001. (R. at 32; Complaint at 4.) White did not report his Tennessee income to the SSA. (R. at 28, 97.) On August 27, 2000, the SSA informed White that he no longer qualified for disability benefits; however, he continued to receive SSI through October 2000. (R. at 68.)

Shortly thereafter, the SSA informed White that he would be required to pay back $53,341.00 of overpayments. On March 17, 2001, White filed a request for a waiver of the overpayment. (R. at 55-64.) The SSA District Office in Memphis denied that request on August 20, 2002. (R. at 65-67.) White appealed this decision, and a hearing before an ALJ was held on July 15, 2003. At this hearing, White was assisted by Joann Jones, a paralegal with Memphis Area Legal Services. The ALJ found that White received an overpayment of benefits in the amount of $53,341, and that White was not without fault in receiving and accepting the overpayment.[1]

---

[1] The ALJ also found that repayment would defeat the purpose of the Social Security Act or be against equity and good conscious. In order to waive collection of the repayment,

-3-

As a result, the ALJ denied a waiver of recovery of the overpayment. (R. 10-14.) The Appeals Council of the SSA denied a request for review on June 4, 2004, and thus, the decision of the ALJ stands as the Commissioner's final decision. (R. at 2-4.) Subsequently, White filed this timely appeal seeking judicial review of the Commissioner's decision.

B.  The ALJ's Decision

The issue before the ALJ was whether recovery of the overpayment to White should be waived. Using the two-step analysis for waiver of overpayments under 42 U.S.C. § 404(b), the ALJ considered whether White was without fault in receiving the overpayments and whether recovery would defeat the purpose of Title II of the Social Security Act or would be against equity and good conscience. In deciding whether White was without fault, the ALJ applied the test set forth in the federal regulations, which provides that waiver is not permitted under the following circumstances:

>   (a) An incorrect statement made by the individual which he knew or should have known to be incorrect;
>
>   (b) Failure to furnish information which he knew or should have known to be material; or

---

however, Section 404 requires both a finding that the claimant was not without fault (i.e. at fault) in the overpayment of benefits and that repayment would defeat the purpose of the Social Security Act or be against equity and good conscious. See 42 U.S.C. § 404(b); Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir. 1991). Because White satisfied only the second requirement, the ALJ denied waiver.

> (c) With respect to an overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507.

After reviewing the record, the ALJ found that White was at fault in receiving the overpayment because he either knew or could have been expected to know that the disability payments were incorrect. The ALJ based this finding on White's testimony that he reported his work activity to a Social Security counselor in Texas, concluding that this fact "clearly denotes knowledge that he should not have continued to receive disability benefits[,]" and "having witnessed the claimant's demeanor at the hearing, and after reviewing the record as a whole, including his consistent work history since August 1993, the [ALJ] finds that the claimant was 'at fault' in accepting all overpayments." (R. 12).

In addition to finding White was at fault for receiving the overpayments, the ALJ also found that the recovery of the overpayment would defeat the purpose of Title II and is against equity and good conscience. In reaching this conclusion, the ALJ noted that White has financial obligations of $2,000 per month to support his five member family. The ALJ also relied on White's testimony that he had no health insurance and the family received public assistance and food stamps.

Based on these findings, the ALJ concluded that the recovery of overpayment would not be waived pursuant to 42 U.S.C. § 404(b).

## II. PROPOSED CONCLUSIONS OF LAW

This court's review of the Commissioner's final decision is limited to determining whether or not there is substantial evidence to support the decision, 42 U.S.C. § 405(g); Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 840 (6th Cir. 1997), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). When the record contains substantial evidence to support the Commissioner's decision, the decision must be affirmed. Stanley v. Sec'y of Health & Human Servs., 39 F.3d 115, 117 (6th Cir. 1994)(citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). Similarly, the court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. Cutlip v. Sec'y of Health & Human

Servs., 25 F.3d 284, 286 (6th Cir. 1994). White has the burden of proof on the issue of whether he was not without fault. Makofsky v. Apfel, 248 F.3d 1139 (5th Cir. 2001)(unpublished.)

As an initial matter, the court notes that White, who filed the present appeal pro se, raises issues in his brief that were not before the ALJ. White correctly identifies the governing "substantial evidence" standard of review, but his argument section suggests that the ALJ made an improper decision regarding the award of benefits. (Brief of Appellant, 3.) The only issue below, however, was whether White should be granted a waiver of repayment. A district court can only review issues that were before the ALJ. See 42 U.S.C. § 405(g); cf. Hix v. Dir., Office of Workers' Comp. Programs, 824 F.2d 526, 527 (6th Cir. 1987)(citing Honaker v. Benefits Review Bd., No. 85-3960, 805 F.2d 1034 (6th Cir. Oct. 20, 1986) (unpublished per curiam))(stating that "an appellate court should not review an ALJ's decision on the merits when the claimant did not raise his claims before the agency"). Therefore, the court will only address the merits of White's pro se appeal on the issue of waiver.

After reviewing the entire record, this court submits that the ALJ's conclusion that White was "at fault" is not supported by substantial evidence. The ALJ found that White's reporting of his work activity to a SSA counselor "clearly denotes [White's] knowledge that he should not have continued to receive disability

benefits." The ALJ also took into consideration White's consistent work history since August 1993. It is not entirely clear how consistent work history and reporting income to the SSA shows that White knew or should have known that he should not have received benefits. In fact, one could certainly make the argument that had White not reported his income to SSA, that would have been stronger evidence that he knew he should not have been receiving benefits.[2] There is nothing in the record before the court that indicates SSA informed White – either before or during the period of overpayment – of his eligibility requirements or that he was no longer eligible for SSI benefits. See, e.g., Evo v. Chater, 95 F.3d 1152, 1996 WL 495002, at *4 (6th Cir. 1996)(unpublished)(noting that SSA informed claimant that his disability should have stopped in June 1987 but claimant continued to accept checks after that date); Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir. 1991)(finding that claimant's "admitted reading and understanding of the ground rules on trial work periods" supported the conclusion that he should have known that he should not have received disability checks); Pliley v. Sullivan, 892 F.2d 35, 39 (6th Cir. 1989)(imputing knowledge of eligibility requirements based on a pamphlet that claimant testified he understood); Montgomery v. Sec'y of Health & Human Servs., 826 F.2d 1064, 1987 WL 38542, at *1 (6th Cir.

---

[2]This also would violate 20 C.F.R. § 404.507(b) – failure to furnish information which he knew or should have known to be material.

1987)(unpublished)(finding that claimant had notice of certain obligations based on information contained on disability application that claimant signed); McInnis v. Barnhart, 336 F.Supp.2d 912, 918-19 (N.D. Iowa 2004)(noting that claimant was informed of obligations and limitations in a notification letter and in conversations with SSA officials); see also Makofsky v. Apfel, 248 F.3d 1139 (5th Cir. 2001)(unpublished)("Where the SSA does not expressly warn claimants, however, federal appeals courts have not assumed that claimants know what is material to their eligibility.").

The only evidence in the record on this issue is White's own testimony that he was never informed that he could not work and receive benefits at the same time. (R. 29) The ALJ's reference to White's "demeanor" at the hearing might suggest that he questioned White's credibility. However, "[w]here, as here, credibility is a critical factor in determining whether the claimant was without fault, the ALJ must have stated explicitly whether he believed the witness's testimony." Makofsky, 248 F.3d 1139; Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1045 (2nd Cir. 1984); Viehman v. Schweiker, 679 F.2d 223, 229 (11th Cir. 1982). The ALJ made no such explicit credibility finding.

Having found that the ALJ's decision is not supported by substantial evidence, the court may modify or reverse the decision,

with or without remanding the cause for further hearing.[3] 42 U.S.C. § 405(g). "If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174 (6th Cir. 1994). On the other hand, "when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration." Id. at 178-179. In the present case, remand is appropriate. See, e.g., Morris v. Shalala, No. 92-1508, 1994 WL 3401, at *8-10 (E.D. Pa. Jan. 04, 1994).

### III. CONCLUSION

Accordingly, it is recommended that the court reverse the decision of the ALJ and remand the case for further proceedings consistent with this decision.

---

[3]Although the ALJ did not make a finding under 20 C.F.R. § 404.507(a) and (b), the court's review of the record reveals no evidence that shows White made an incorrect statement which he knew or should have known to be incorrect, or that he failed to furnish information which he knew or should have known to be material.

Respectfully submitted.

_____
TU M. PHAM
United States Magistrate Judge

August 5, 2005
Date

## NOTICE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:04-CV-02599 was distributed by fax, mail, or direct printing on August 5, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Tony Leon White
1946 Foster Avenue
Memphis, TN 38114

Honorable J. Breen
US DISTRICT COURT